RECORD NO. 16-1736

**IN THE**
United States Court of Appeals
**FOR THE FOURTH CIRCUIT**

DEBRA R. SMITH

*Plaintiff-Appellant,*

v.

SAM'S EAST, INC.

*Defendant-Appellee,*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT ABINGDON

**OPENING BRIEF OF APPELLANT
DEBRA R. SMITH**

Mary Lynn Tate, Esq.
VSB No. 16085
TATE LAW PC
16006 Porterfield Highway
Abingdon, Virginia 24210
Telephone: (276) 628-5185
Facsimile: (276) 628-5045
mltate@tatelaw.com

*Counsel for Appellant*

**LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services**

# Table of Contents

Table of Contents ............................................................................... i

Table of Authorities .......................................................................... iii

Jurisdictional Statement ....................................................................1

Statement of the Issues Presented for Review ................................1

Statement of the Case.........................................................................2

Statement of Facts..............................................................................4

Summary of Argument........................................................................7

Argument.............................................................................................8

    I.     Standard of Review .............................................................8

          A.     Review of grant of summary judgement is de novo ..................8

          B.     Smith's evidence is assumed credible as forecast and viewed most favorably with all justifiable inferences. ........................9

    II.    Sam's duties owed to Smith under Virginia Law. ..............................10

    III.   The District Court erroneously applied Virginia's assumption of duty doctrine which provides that the existence of an "assumed duty" is a jury issue. ..........................................................................12

    IV.   Assumption of duty was supported by Plaintiff's evidence that Sam's assumed the duty of "constant" monitoring its concrete floors because they were known to be dangerously slippery when wet, notwithstanding the presence of less rigorous monitoring guidelines from the parent company. .................................................14

    V.    The District Court erroneously conflated Plaintiff's evidence of assumed duties with Virginia's principle that private rules may not establish a standard of care, which Plaintiff never claimed; and plaintiff's evidence proved that Sam's was admittedly not using the company private rules; the district court thereby incorrectly held that the existence of private rules automatically negates the existence of assumption of duty contrary to Virginia law. .................14

VI.    The District Court erroneously treated the mechanism of plaintiff's injury--the sharp dangerous edges of the bottom shelf of defendant's shopping cart—as a product liability claim when it was a latent condition of Sam's business environment that exposed customers to cuts during their reasonably foreseeable and expected use of the supersize cart necessary for gathering items to be purchased, but not visible to customers...........................................18

VII.   Smith's evidence would let a reasonable juror conclude that Sam's was negligent. ........................................................................................21

Conclusion ........................................................................................................21

Request for Oral Argument................................................................................22

Certificate of Compliance with Rule 32(A)......................................................23

Certificate of Service ........................................................................................24

# Table of Authorities

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).............................................9

*Appalachian Power Co v. La Force*, 214 Va 438, 201 S.E.2d 768 (1974) ........ 2, 10

*Atkinson v. Scheer*, 256 Va. 448,  508 S.E.2d 68 (1998) ......................................21

*Bly v. Rhoads*, 216 Va. 645 (1976) ..........................................................................15

*Broaddus v. Standard Drug, Co.,* 211 Va. 645 (1971)............................................15

*Burns v. Gagnon*, 283 Va 657, 727 S.E.2d 634 (2012) .............................. 12, 17, 18

*Celotex Cmp. v. Cotrell,* 477 U.S. 317 (1986)...........................................................8

*Charbonnages De France v. Smith*, 597 F.2d 406 (4th Cir. 1979) .........................10

*Colonial Stores Inc., v. Pulley*, 203 Va. 535, 125 S.E.2d 188 (1962) ....................11

*Didato v. Strehler*, 262 Va. 617, 554 S.E.2d 42 (2001) .................................... 12, 13

*Elliott v. Food Lion, LLC*, No. 1:12-CV-1426, 2014 WL 1404562, at *7 (E.D. Va. Apr. 10, 2014) .........................................................................................................16

*Evans v. Tech. Applications & Serv. Co.,* 80 F.3d 954 (4th Cir. 1996)..................10

*Fultz v. Delhaize:* 278 Va. 84, 677 S.E.2d 272 (2009) .............................................11

*Hottle v. Beech Aircraft Corp.,* 47 F.3d 106 (4th Cir. 1995)..................................16

*Hunt v. Cromartie,* 526 U.S. 541, 119 S.Ct. 1545, 143 L.Ed.2d 731 (1999) ...........9

*Kellermann v. McDonough*, 278 Va. 478,  684 S.E.2d 476, (2009) ...........................13

*Klein v. Boyle,* No.92-1838, 1993 WL 426360, at *1 (4th Cir. Oct. 22, 1993).......17

*Knight v. Moore,* 179 Va. 139, 18 S.E.2d 266 (1942) ..........................................11

*Maracich v. Spears,* 675 F.3d 281 (4th Cir. 2012) ....................................................8

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ...............8

*Memco Stores, Inc., v. Yeatman*, 232 Va 50, 348 S.E.2d 228 (1986)......................11

*MLC Auto., LLC, v. Town of S. Pines*, 532 F.3d 269 (4th Cir. 2008).....................10

*Nolde Bros. v. Wray*, 221 Va. 25, 266 S.E.2d 882, (1980) .........................................13

*Smith v. Va. Commonwealth Univ.,* 84 F.3d 672, (4th Cir. 1996) (en banc) ..............9

*Stevens v. Hospital Authority for the City of Petersburg*, 42 Cir. 321 (1997).........16

*Tazewell Supply Co. v. Turner, 213 Va 93, 189 S.E.2d 347 (1972)* .......................10

*Thompson v. ALCOA*, 276 F.3d 651 (4th Cir.2002) .................................................10

*Va. Ry. & Power Co. v. Godsey*, 83 S.E. 1072 (Va. 1915)............................... 15, 16

*Williams v. Staples, Inc.*, 372 F.3d 662 (4th Cir.2004)..............................................9

**Statutes**

28 USC §1291 .............................................................................................................1

**Rules**

*Fed R. Civ. P. 56(c)*....................................................................................................8

Fed.R.Civ.P. 56(c)(2)................................................................................................10

Federal Rule of Appellate Procedure 4(a)(1)(A) .......................................................1

Rule 56 de novo ....................................................................................8

**Other Authorities**

Restatement (Second) of Torts § 324A.......................................................13

## Jurisdictional Statement

Appellant Debra R. Smith (Smith) brought this action against the defendant Sam's East, Inc. Store #6518 (Sam's) located in Bristol, Virginia, for personal injuries received while shopping on Sam's business premises. She filed her claim in Virginia Circuit Court under Virginia's tort law. Sam's removed the case to the federal court based on diversity jurisdiction.

By order entered on **June 7, 2016**, the district court granted Sam's motion for summary judgement finding that Smith had not met her burden of proving the existence of material issues of fact. JA 392.

Smith filed her notice of appeal on **June 29, 2016**, within the thirty days allowed by Federal Rule of Appellate Procedure 4(a)(1)(A). This court has jurisdiction of the appeal under 28 USC §1291, as the district court's order was final.  JA 393.

## Statement of the Issues Presented for Review

1. Whether the District Court erroneously applied Virginia's assumption of duty doctrine which provides that the existence of an "assumed duty" is a jury issue.

2. Whether assumption of duty was supported by Plaintiff's evidence when Sam's admittedly assumed the duty of "constant" monitoring its concrete floors because they were known to be dangerously slippery when wet.

1

3. Whether the District Court erroneously conflated Plaintiff's evidence of assumed duties with Virginia's principle that private rules may not establish a standard of care, which Plaintiff never claimed and when Sam's was admittedly not using the less rigorous company monitoring guidelines, the District Court thereby incorrectly held that the existence of "private rules" negates the assumption of duty contrary to Virginia law.

4. Whether the District Court erroneously treated the mechanism of plaintiff's most serious injury--the sharp metal edges of the bottom shelf of defendant's metal shopping cart—as a product liability claim when it was a latent condition of Sam's business environment not visible to customers which Sam's knew or should have known, exposed customers to cuts during their reasonably foreseeable and expected use of the extended cart provided for gathering items to be purchased.

5. Whether the District Court erred by failing to credit Plaintiff's evidence as forecast making its own credibility determinations and weighing the evidence  when reasonable persons could find that Sam's breached its duties to maintain safe premises under the circumstances.

## Statement of the Case

Plaintiff filed this personal injury action against Sam's based on Virginia law of premises liability. Under Virginia law the owner of the business premises owes its business invitee "the duty of prevision,  preparation and lookout as well as the duty of ordinary care to see that the  premises are in a reasonably safe condition." *Appalachian Power Co. v. La Force*,  214 Va. 438, 201 S.E.2d 768 (1974).

The invitee is entitled to assume that the premises are reasonably safe for

their visit and that the premises are free from any dangerous or hazardous condition which the owner knew or should have  known to exist.

Plaintiff claimed that Sam's violated these duties by failing to remove spills, providing shopping carts that had sharp metal edges and were unreasonably dangerous with restricted visibility knowing or should know of the risks to customers. JA 120, 121

In this case the plaintiff entered a Sam's Club, the warehouse style store serving its members both retail and wholesale business merchandise. Sam's provided an extended size metal grid shopping cart with dual baby framework. Plaintiff suffered a severe and startling fall and impaling under a shopping cart; shock; a 4 inch skin laceration on her lower left leg on her shin above her ankle; profuse bleeding, a contusion on her right knee, hip injury, and scarring. JA 121

The fall was caused by slipping on spilled soft drink after another customer vandalized the drink containers by punching holes in them.

Sam's acknowledges that it is floors are known to be dangerously slippery when wet and treats that potential as urgent and began a "constant" monitor program. Plaintiff claims that this undertaking, not otherwise required, constituted assumption of duty by Sam's.

Plaintiff was injured most severely by her legs impacting the sharp edges of the metal strips framing the lower shelf of the cart. Plaintiff alleges this is a latent

3

risk on the cart, not visible to plaintiff that was known or should have been known to defendant.

Defendant Sam's answered that the spill was on the floor only a few minutes and therefore defendant had insufficient notice to remove it and is not responsible for the fall. Sam's also claims that because the liquid caused the fall ("the accident") did not directly cause the leg laceration Sam's has no responsibility for that injury.

Sam's admits this store has adopted a constant monitoring program and has its associates designated in specific working areas with all associates required to monitor the floors constantly as they move about the store. This program was adopted because of awareness of the dangerously slippery floors notwithstanding a less rigorous monitoring programs laid out by company guidelines.

Defendant filed its motion for summary judgment on the sole ground of absence notice of the spill: "Sam's did not have any notice of the spill prior to plaintiff's fall *because the spill occurred only minutes prior to plaintiff's fall and no one from Sam's was aware of the spill prior to plaintiff's fall."* JA 56. The district court granted defendant's motion without oral argument.

## Statement of Facts

On Friday evening July 6th, 2012, plaintiff lawfully entered Sam's Club owned by Sam's East, Inc. Store #6518, in Bristol, Virginia as a "member" and

shopping customer. She obtained the Sam's extended size cart and proceeded to the soft drink aisle. Prior to her arrival a young man punctured a soft drink container in the store's "hardlines" section causing soda to drain down the packaging and spill across the aisle in a stream. Plaintiff can be seen on video rounding the corner to enter that aisle with a grandchild on either side. She is observing her forward path and what can be seen in front of her. Her cart covers the stream. It appears she encountered the stream and then fell but her fall is not visible on the video. JA 8-9. From her vantage point, the extended length of the cart prevented her from seeing the liquid on the floor. JA 9.

Plaintiff's primary injury was a large laceration horizontally across her shin. JA 9. Plaintiff suffered a severe and startling fall and impaling under a shopping cart; shock; a 4 inch skin laceration on her lower left leg on her shin above her ankle; profuse bleeding, a contusion on her right knee, hip injury, and scarring. JA 121.

The laceration caused significant bleeding through her jeans and onto the floor; "scary" and indicative of a serious injury according to Sam's manager. JA 164; 166; 172. The mechanism of plaintiff's laceration was a row of sharp unfinished metal rods on the lower shelf of the shopping cart pointed toward the customer's legs. JA 164-166; 321.

Sam's, and all its associates, recognize that its concrete floors are dangerously slippery when wet. JA 153-154; 175-176.

Because slips and falls were one of the "top reasons" for "member injuries", the monitoring for and removal of spills was "constant" and always a matter of "urgency" and was undertaken by this Sam's Club, not a result of a specific company policy or rule. JA 193; 195; 253-254; 280-281.

Sam's Asset Protection Manager preserved 45 minutes of video concerning the fall though he typically preserved and hour before and after such an incident. JA 263.

The specific shopping cart used by plaintiff was not preserved, despite plaintiff's counsel's written request. JA 323;164. A Sam's associate (employee), Mr. Blaylock, is shown walking past but not in the aisle where plaintiff fell (before the spill) and looking down at his hand held device continuously but no associate, including Blaylock, is shown visually sweeping (examining) the aisle during the 45 minute video. JA 185-186.

Asst. Manager Whistler was in charge of closing on July 6, 2012, and all the other managers had left. Mr. Whistler does not know when they left. JA 174-175. No manager or associates designated to work in and monitor the "hardlines" section of the store where the soft drinks were located and where Mrs. Smith fell, were on duty in that department when Mrs. Smith fell and none appeared to help and were interviewed about the vandalism or the fall. The only explanation was the suggestion that they may have left early because of the holiday. JA 174-175. A bakery department employee in another area responded then summoned a manager. JA 321. The Asset Protection

6

Manager, Mr. Orr, along with other managers had an office space where the cameras could be monitored in real time if appropriate or necessary but none were despite the holiday absences. JA 254-255.

## Summary of Argument

Sam's was not entitled to summary judgment because of at least four genuine and independent issues of material fact:

1. Whether Sam's breached its common law duty to provide reasonably safe premises to its business invitee Smith, when it failed to respond to an overt act of vandalism causing a dangerous and slippery liquid spill under all the circumstances?

2. Whether Sam's assumed a duty of care to constantly and continually monitor its concrete floors, notwithstanding the presence of less rigorous monitoring guidelines from the parent company, when Sam's admitted its floors were known to be dangerously slippery when wet, then breached that duty by failing to monitor under the circumstances presented here? This issue is a fact issue not a legal issue in Virginia.

3. Whether Sam's breached its duty of care to its business invitee by providing a metal shopping cart having latent sharp edges exposing users' legs to lacerations, when it also knew its floors were known to be dangerously slippery when wet?

4. Whether the court failed to recognize that the absence of employees in the designated section who could have prevented Plaintiff's injury was evidence of breach of both Sam's common law duty and assumed duties to its invitee?

All the above constitute jury issues on which reasonable persons could disagree.

7

To reach its conclusions the district court swept aside evidence: direct, physical and circumstantial; rather than accepting the credibility of her evidence as forecast assumed. This evidence, forecast in a light most favorable to plaintiff and without adverse weight and credibility determinations, requires reversal of the district court's judgment.  Smith is entitled to have a jury make these factual determinations.

## Argument

### I.  Standard of Review

#### A. Review of grant of summary judgement is de novo

The Court reviews the district court's grant of defendant's motion for summary judgment under Rule 56 de novo. *See Maracich v. Spears,* 675 F.3d 281, 291 (4th Cir. 2012).

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Fed R. Civ. P. 56(c); Celotex Cmp. v. Cotrell,* 477 U.S. 317, 321 (1986). The party seeking summary judgment must demonstrate the absence of a genuine issue of material fact. *Id.* Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate that there is a genuine issue of material fact that requires trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To raise a genuine issue of material fact sufficient to avoid summary

judgment, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When making the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Smith v. Va. Commonwealth Univ.,* 84 F.3d 672, 675 (4th Cir. 1996) (en banc).

### B. Smith's evidence is assumed credible as forecast and viewed most favorably with all justifiable inferences.

On appeal the court will review the evidence in the light most favorable to Smith. *See Id.* In this context, the district court's grant of summary judgment to defendant must reflect that it ***believed*** Smith's evidence and drew *all justifiable inferences* in her favor. *Id. (*citing *Hunt v. Cromartie,* 526 U.S. 541, 552, 119 S.Ct. 1545, 143 L.Ed.2d 731 (1999). In doing so the district court ***must not*** have made "credibility determinations or weigh[ed] the evidence." *Williams v. Staples, Inc.,* 372 F.3d 662, 667 (4th Cir.2004) *(citing Thompson v. ALCOA,* 276 F.3d 651, 656 (4th Cir.2002)).

Smith is entitled "to have the credibility of her evidence as forecast assumed, her version of all that is in dispute accepted, all internal conflicts in it resolved favorably to her, the most favorable of possible alternative inferences from it

drawn in her behalf; and finally, to be given the benefit of all favorable legal theories invoked by the evidence so considered." *See Charbonnages De France v. Smith,* 597 F.2d 406, 414 (4th Cir. 1979).

Only after a scrupulous review of the entire record**,** may the district court find that no reasonable jury could return a verdict for the non-moving party. *See Evans v. Tech. Applications & Serv. Co.,* 80 F.3d 954, 959 (4th Cir. 1996).

The burden is on the moving party to establish either the absence of a genuine issue of material fact or the absence of evidence to support the non-moving party's case. *MLC Auto., LLC, v. Town of S. Pines,* 532 F.3d 269, 273, 281 (4th Cir. 2008).

As provided by Fed.R.Civ.P. 56(c)(2), summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

## II. Sam's duties owed to Smith under Virginia Law.

Under Virginia law the plaintiff had a right to assume that the business owner had made the premises reasonably safe for her visit. *Tazewell Supply Co. v. Turner*, 213 Va. 93, 189 S.E.2d 347 (1972); *Appalachian Power Co. v. La Force*, 214 Va. 438, 201 S.E.2d 768 (1974). And "[i]n the absence of knowledge or warning of danger, . . . is not required to be on the lookout for it."

*Knight v. Moore,* 179 Va. 139,146, 18 S.E.2d 266, 270 (1942) (citations omitted).
*Fultz v. Delhaize:* 278 Va. 84, 88; 677 S.E.2d 272, 274 (2009).

In carrying out this duty, "a business is required to … warn the customers
of unsafe conditions if they are unknown to the customers, but are known, or
should have been known by the business." *Memco Stores, Inc. v. Yeatman,*
232 Va. 50, 348 S.E.2d 228 (1986) (quoting *Colonial Stores v. Pulley,* 203 Va.
535, 125 S.E.2d 188 (1962)).

The undisputed facts and their reasonable inferences make clear that there
was no one working in the "hardlines" section before or at the time of plaintiff's
fall. Cries for help after the fall were answered by Mr. Clendenin from the
Bakery department. JA 321. All the managers other than Whistler had left and no
associates assigned to that department responded or had any knowledge to
warrant an interview by Mr. Whistler. Their presence could have easily heard
and responded to the vandal's action and his continued walks to the area to
watch the stream of soda shown on the video. Also, in view of these absences, a
single person monitoring the most available device to protect invitees, the
security camera, did not occur. The effects of the vandalism could have been
prevented by that simple measure. Given Sam's duties as a business to its
invitees, a reasonable jury could find that 5 minutes or 30 minutes would not
matter; no one was present to perform the essential task of protecting customers

11

from spills onto the slippery concrete floor.

## III.  The District Court erroneously applied Virginia's assumption of duty doctrine which provides that the existence of an "assumed duty" is a jury issue.

Sam's employees affirmed that it had a program to "constantly and continually" monitor its concrete floors because they were known to be dangerously slippery when wet, notwithstanding the presence of less rigorous monitoring guidelines from the parent company.

Sam's assumed the duty of "constant" monitoring and removal of spills to protect its customers from the risk posed by its concrete floors when wet, and here, breached that duty.

By its actions and undertakings, Sam's assumed the duty of constant and continual monitoring of the store to prevent falls on the concrete floors. It assumed t h e s e  actions  for safety of customers; not otherwise required and more rigorous than the periodic premises sweep contained in company guidelines. Under Virginia law this is  assumption of a duty that did not otherwise exist. The Supreme Court of Virginia  reaffirmed and extended the assumption of duty doctrine in *Burns v. Gagnon*, 283 Va.  657, 671; 727 S.E.2d 634, 643 (2012):

> We have adopted the common-law principle of assumption
> of a duty. *Didato v. Strehler*, 262 Va. 617, 629, 554 S.E.2d 42,
> 48 (2001) Under that principle, "one who assumes to act, even
> though gratuitously, may thereby become subject to the duty of

acting carefully, if he acts at all." *Kellermann v. McDonough*, 278 Va. 478, 489, 684 S.E.2d 476, 791 (2009) (quoting *Nolde Bros. v. Wray*, 221 Va. 25, 28, 266 S.E.2d 882, 884 (1980)) (quotation marks omitted). As noted earlier, whether a defendant owes a plaintiff a duty in tort is generally a question of law. But when the issue is not whether the law recognizes a duty, but rather **whether the defendant by his conduct assumed a duty, the existence of that duty is a question for the fact-finder.** *Id.* at 490, 684 S.E.2d at 791-92; *Didato*, 262 Va. at 629,554 S.E.2d at 48

In accordance with the principle of assumption of a duty, an actor who fails to [**644] exercise reasonable care in performing his undertaking may be subject to liability for physical harm caused not only to the one to whom he has agreed to render services, but also to a third person. Liability to the latter is addressed [***20] in Restatement (Second) of Torts § 324A, which provides:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

1.      his failure to exercise reasonable care increases the risk of such harm, or

2.      he has undertaken to perform a duty owed by the other to the third person, or

3.      the harm is suffered because of reliance of the other or the third person upon the undertaking.

Burns, p. 643-644.

Sam's recognizes that its concrete floors are extremely dangerous and slippery when wet. Sam's recognizes that slips and falls are a major cause of its customer injuries. Sam's recognized the need to address this specific risk as **urgent** and continuous thereby virtually presuming the "constant" presence of spills and risk of falls.

**IV. Assumption of duty was supported by Plaintiff's evidence that Sam's assumed the duty of "constant" monitoring its concrete floors because they were known to be dangerously slippery when wet, notwithstanding the presence of less rigorous monitoring guidelines from the parent company.**

Sam's introduced extraordinary measures to control wet concrete floors to protect its customers from this continuing risk. In addition to constant monitoring of their sections, this Sam's instituted hourly store wide visual sweeps by all associates and directed all employees to carry towels on their person for the purpose of wiping such spills. JA 176, 191.

Sam's decision to treat spills as **urgent** and undertake **constant** monitoring to remove them is assumption of duty and it was breached in this case.

**V. The District Court erroneously conflated Plaintiff's evidence of assumed duties with Virginia's principle that private rules may not establish a standard of care, which Plaintiff never claimed; and plaintiff's evidence proved that Sam's was admittedly not using the company private rules; the district court thereby incorrectly held that the existence of private rules automatically negates the existence of assumption of duty contrary to Virginia law.**

The law in Virginia has been conflated on occasion when such rules are in effect but not the basis for the claim. Evidence of the policy will not be used to establish the standard of care but may be used to support what that standard was. *See, e.g., Bly v. Rhoads*, 216 Va. 645, 653 (1976); *Broaddus v. Standard Drug, Co.,* 211 Va. 645, 654-56 (1971)(private safety manual admissible);

The District Court in this case erroneously found that "Smith relies on Sam's internal policies and procedures." And concluded that Sam's internal policies cannot be used to establish a heightened standard of care citing *Va. Ry. & Power Co. v. Godsey*, 83 S.E. 1072, 1073 (Va. 1915). JA 387

Plaintiff's evidence showed that the company had issued written guidelines for monitoring and caring for spills on store floors. JA 192-193. Importantly, however, the particular management of this Sam's store had undertaken a particularly rigorous practice different from company guidelines with the stated intention to provide "constant" monitoring. JA 193; 195; 253-254; 280-281. Plaintiff contends this undertaking constitutes the assumption of duty under Virginia law. Under these circumstances whether there was assumption of a duty is a question of fact, not law and is to be determined by a jury.

With respect to private rules,now Chief Justice Lemons wrote, "[t]here is no cause of action based upon private rules; however these rules may be evidence as to the appropriate standard of care to be provided by the defendants." He cited

15

*Godsey. Stevens v. Hospital Authority for the City of Petersburg*, 42 Cir. 321, 329 (1997).

The District Court relies upon the case of *Elliott v. Food Lion, LLC*, No. 1:12-CV-1426, 2014 WL 1404562, at *7 (E.D. Va. Apr. 10, 2014) however the *Elliott* case did not involve activity inconsistent with internal policies and procedures and did not involve any claim of assumption of duty rather the Elliott court described the issue in that case as follows:

> Food Lion also moves to exclude Elliott from offering evidence of Food Lion's private rules at trial. In opposition, Elliott argues that "[u]nder both state and federal evidentiary standards industry standards, common practices, store practices, and statutes or regulations are admissible standards to assist the fact finder in determining whether or not Food Lion exercised ordinary care." *See* Dkt. No. 132 at 2. There is no legal support for Elliott's broad proposition.

The *Elliott* court then determined that:

> Virginia has long held that "a person cannot, by the adoption of private rules, fix the standard of his duties to others." *See Hottle v. Beech Aircraft Corp.,* 47 F.3d 106, 110 (4th Cir. 1995) (citing *Virginia Ry. & Power Co. v. Godsey,* 117 Va. 167 (1915)). Furthermore, the Fourth Circuit has found Virginia's precedent banning private rules as evidence of negligent conduct is "sufficiently bound-up with state policy so as to require its application in federal court." *Id.* This Court is therefore obligated to enforce the clear rule rendering any evidence of Food Lion's private rules inadmissible to the extent Elliott offers them for a purpose "subsumed within the issue of the requisite standard of

care." *See McDonald v. Wal-Mart Stores East, LP,* Case. No. 3:07-cv-425, 2008 WL 153782, at *5 (E.D. Va. Jan. 14, 2008) (citing *Klein v. Boyle,* No.92-1838, 1993 WL 426360, at *1 (4th Cir. Oct. 22, 1993)).

The District Court also held that the evidence does not establish that Sam's affirmatively assumed a duty to constantly monitor its floors. JA 387

Plaintiff did not rely on the company issued written guidelines for monitoring and caring for spills on store floors  rather plaintiff relied on the testimony of store management of their undertakings different from and far more rigorous than written guidelines and in their words "constant". JA 193; 195; 253-254; 280-281.

It cannot reasonably be contended that this evidence is insufficient to submit to a jury. The district court has made a finding of insufficient evidence in the face of defendant's admission to the contrary and in the presence of defendant's testimony that their undertaking was different than the company's written guidelines.

Most importantly the district court's decision is inconsistent with Virginia law that the existence of some of assumption of duty is a jury question not a question of law. *Burns v. Gagnon*, 283 Va. 657, 671; 727 S.E.2d 634, 643 (2012).

If the concepts of "private rules" and "assumption of duty" appear inconsistent then the question should be certified to the Supreme Court of Virginia.

17

Plaintiff believes the more recent pronouncements of that Court as in *Burns* are clear. A duty that did not previously exist may be assumed by an undertaking for the purpose of safety.

**VI.   The District Court erroneously treated the mechanism of plaintiff's injury--the sharp dangerous edges of the bottom shelf of defendant's shopping cart—as a product liability claim when it was a latent condition of Sam's business environment that exposed customers to cuts during their reasonably foreseeable and expected use of the supersize cart necessary for gathering items to be purchased, but not visible to customers.**

Sam's breached its duty of care to its business invitee by providing a dangerous shopping cart having latent sharp edges exposing users' legs to lacerations.

Knowing that spills and falls on its wet concrete floors were foreseeable, Sam's knew or should have known that it's shopping carts posed an unreasonable risk of injury in such circumstances due to the sharp metal unfinished edges on the lower shelf exposed to the user's legs. This risk was latent and not perceptible to the shopper using the cart. JA 321. Sam's associate, Daniel Clendenin, left the bakery department to respond to Mrs. Smith. He removed his shirt and tied it around her bleeding leg. *ID*. He saw that her position indicated her leg slid under the cart and was cut by the metal edges exposed on the lower shelf. *ID.* There was no other mechanism in the area that

could have cut Mrs. Smith's leg.

Even if Defendant's notice argument prevails as to her fall, Sam's is still liable for the injury to Mrs. Smith's leg that could not have occurred but for the unguarded raw metal. Otherwise, the injury from the fall itself would have been far less severe.

Despite this direct evidence from employee Clendenin who saw the sharp edges and the blood and verified no other source for the cut the district court commented that the edges were not visible in the photograph of the cart and discounted Clendenin's testimony and the physical fact of the laceration. *ID*. The district court's weighing of this evidence was improper and should be a function of the jury.

Sam's attempts to escape liability for the 4 inch laceration across plaintiff's shin and permanent scarring by claiming that the cart did not **cause** the accident therefore it cannot be liable:

> When asked whether the shopping cart caused or contributed to the accident, the plaintiff stated that "that's what cut me." When she was asked whether the shopping cart caused her to fall, she said "no." Therefore, by the plaintiffs own admission, the shopping cart did not proximately cause the plaintiff's accident, but was simply the item that plaintiffs leg came into contact with as she fell. Under these circumstances, even if the cart constituted a dangerous condition, plaintiff could not prevail because such condition was not the cause of her accident. JA 116.

This superficial argument fails to recognize that the sharp edges on the cart, a dangerous condition that could have been known only by Sam's upon reasonable and ordinary inspection of its carts, caused the **injury**. JA 321. Slipping on the concrete floor was a foreseeable and expected event well-known to Sam's.

Sam's failed to provide a reasonably safe shopping environment under Virginia law by provision of a shopping cart having a row of sharp metal rods facing plaintiff.

Sam's did not act reasonably to protect its invitee when it failed to respond to the overt vandalism that caused the spill because no employees were on duty in the section; no one visually swept the section and no one was monitoring the security camera.

In its Memorandum, Sam's supports its Motion for Summary Judgment on the single ground of notice: "Sam's did not have any notice of the spill prior to plaintiff's fall because the spill occurred only minutes prior to plaintiff's fall and no one from Sam's was aware of the spill prior to plaintiff's fall." JA 56 (Emphasis added.) Sam's does not rely on contributory negligence or assumption of risk as grounds for its Motion. *Id.*

In addition, Sam's cannot be heard to blame the injury on the perpetrator of the spill because Sam's cannot prove that it was not negligent "even in the slightest degree" under joint and several liability. The  spill  did

not cause the laceration but it could not have occurred but for the dangerous cart. See *Atkinson v. Scheer*, 256 Va. 448, 508 S.E.2d 68 (1998).

## VII. Smith's evidence would let a reasonable juror conclude that Sam's was negligent.

Applied correctly the assumption of duty and its breach could be found by reasonable jurors. Constructive knowledge of the latent risk of sharp edges on the cart could be found by reasonable jurors.

All the managers other than Whistler had left and no associates assigned to that department responded or had any knowledge to warrant an interview by Mr. Whistler. Their presence could have easily heard and responded to the vandal's action and his continued walks to the area to watch the stream of soda shown on the video. Also, in view of these absences, a single person monitoring the most available device to protect invitees, the security camera, did not occur.

From all the circumstances reasonable jurors could find for plaintiff on common law duty, assumed duty and constructive knowledge of a latent risk or any one of these. The evidence supports a jury trial for plaintiff.

## Conclusion

The Court should reverse the district court's grant of summary judgement to defendant and remand the case to the district court for further proceedings.

**Debra R. Smith**

By: /s/ Mary Lynn Tate

Mary Lynn Tate, Esq. (VSB # 16085)
TATE LAW PC
16006 Porterfield Highway
Abingdon, Virginia 24210
Telephone: (276) 628-5185
Facsimile: (276) 628-5045
mltate@tatelaw.com

*Counsel for Petitioners – Appellants*

**Request for Oral Argument**

Debra R. Smith requests oral argument. The issues in this premises liability case under Virginia state law present a potential clash of the Virginia principles of "private rules" and recent Virginia case applications of assumption of duty. These issues are extremely important to the rights of individuals in the public retail environment and the scope of business duties to customers.

## Certificate of Compliance with Rule 32(A)

Certificate of Compliance with Type-Volume Limitation, Typeface Requirements and Type Style Requirement

1. This brief complies with the Type-volume limitation of Fed. R. App. 32(a)(7)(B) because:

The word count of this brief is <u>5,144.</u>

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

This brief has been prepared in a proportionally spaced typeface using

<u>Micro Soft Word, Times New Roman 14 point.</u>

September 19, 2016

**Certificate of Service**

In accordance with Rule 25 of the Rules of the United States Court of Appeals for the Fourth Circuit, I hereby certify that I have this September, 19, 2016, filed the required copies of the foregoing Brief of Appellant in the Office of the Clerk of the Court, via hand delivery and have electronically filed the Brief of Appellant using the Court's CM/ECF system which will send notification of such filing to the following counsel:

> W. Bradford Stallard
> Penn, Stuart & Eskridge
> 208 East Main Street
> Abingdon, Virginia 24210
> bstallard@pennstuart.com

/s/ Mary Lynn Tate